**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2527
_____

IZZADEEN SHIABDEEN JAINUL ABDEEN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A088-379-465)
Immigration Judge: Hon. Annie S. Garcy

_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2019

Before: JORDAN, KRAUSE, and ROTH, *Circuit Judges*

(Opinion filed: May 30, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Izzadeen Shiabdeen Jainul Abdeen, an alien from Sri Lanka, petitions for review of an order by the Board of Immigration Appeals (BIA) denying his second motion to reopen removal proceedings because he failed to establish prima facie eligibility for relief. We will deny the petition.

## I.    Background

Abdeen previously applied for, but was not granted, asylum, withholding of removal, and protection under the Convention Against Torture (CAT) on the basis that he endured mistreatment for supporting the Sri Lanka Muslim Congress. He subsequently filed a motion to reopen his proceedings but missed the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to be filed "within 90 days of the . . . order of removal"). The BIA denied the motion, finding that the "changed country conditions" exception to the filing deadline, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), did not apply.

Several years later, Abdeen filed a second motion to reopen, arguing that the changed-conditions exception now applied because multiple incidents of violence against Muslims had recently transpired in Sri Lanka. The BIA again denied his motion because, even assuming arguendo that conditions in Sri Lanka had changed, the BIA will only grant a motion to reopen if the alien establishes prima facie eligibility for relief, *Khan v. Att'y Gen.*, 691 F.3d 488, 496 (3d Cir. 2012), which it concluded Abdeen had failed to do. This appeal followed.

## II.  Discussion[1]

Abdeen petitions for review of the BIA's denial of his motion to reopen removal proceedings, positing that (1) the BIA failed to address one of the arguments in his motion concerning the aggregated risk of persecution he would face in Sri Lanka as a Muslim and as a returned asylum-seeker; (2) the BIA failed to consider certain evidence he presented; (3) the BIA applied the wrong legal standard in determining whether he had established prima facie eligibility for relief; and (4) the BIA's determination that he did not establish prima facie eligibility was simply incorrect.  None of these arguments is persuasive.

### A.  The BIA's Failure to Consider Abdeen's Aggregated-Risk Argument

As the Government concedes, the BIA failed to expressly address Abdeen's argument that he was entitled to asylum because the "cumulative effect," Petitioner's Br. 9, of being someone who fled Sri Lanka seeking asylum and being Muslim created a sufficient risk that he would face persecution upon return.  But as the Government also points out, any error was harmless.

An error is harmless when it is "highly probable that the error did not affect the outcome of the case." *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011).  To obtain a different outcome, a petitioner would need "to produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief." *Guo v.*

---

[1] This Court has jurisdiction over Abdeen's petition for review pursuant to 8 U.S.C. § 1252(a)(1).  *See Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir. 2006).  We review the BIA's denial of his motion to reopen for abuse of discretion.  *See Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

*Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004) (citations omitted). And for the relief of asylum, a petitioner like Abdeen, among other things, would need to establish a well-founded fear of persecution. *See Huang v. Att'y Gen.*, 620 F.3d 372, 380–81 (3d Cir. 2010).

Here, there is almost no chance that the BIA, considering Abdeen's returned asylum-seeker argument, would have concluded he could establish a well-founded fear of persecution. Essentially all of the evidence Abdeen offered regarding the persecution that returned asylum-seekers purportedly face in Sri Lanka concerned people who were persecuted for being Tamil and were, only incidentally, returned asylum-seekers. Abdeen is not Tamil, and the evidence therefore did not speak to *his* risk of future persecution. Indeed, the BIA previously rejected a highly similar argument in Abdeen's first motion on precisely that basis. And the only meaningful difference between his prior and current arguments is that Abdeen now seeks to aggregate the risk of persecution he faces as a returned asylum-seeker and as a Muslim. But as Abdeen's evidence concerns a group to which he does not belong, the aggregated risk is not materially different than the original risk, and the BIA's failure to consider Abdeen's aggregation argument thus was harmless.

**B. The BIA's Purported Failure to Consider Certain Evidence**

The BIA abuses its discretion if it fails to "appraise[] the material evidence before it." *Sevoian v. Ashcroft*, 290 F.3d 166, 177 (3d Cir. 2002) (citation omitted). Abdeen contends that happened here—asserting in broad terms that the BIA overlooked a litany of evidence he presented—but he does not explain specifically why the BIA's assessment

4

of his evidence did not suffice. Though the BIA did not discuss each piece of evidence offered by Abdeen, the BIA observed that he had "presented a number of articles showing that . . . anti-Muslim hate groups . . . have engaged in attacks against the Muslim minority" and explained how it reached its decision in spite of that evidence, A.R. 3–4, which is all it was required to do, *see Sevoian*, 290 F.3d at 178 ("The Board is not required to write an exegesis on every contention, . . . but only to show that it has reviewed the record and grasped the movant's claims." (citations omitted)). We therefore find no abuse of discretion in the BIA's evaluation of Abdeen's evidence.

### C. The BIA's Application of the Prima Facie Eligibility Standard

Abdeen also contends that, while he was only required to show a "reasonable likelihood" that he would later be able to establish entitlement to relief, *Guo*, 386 F.3d at 563, the BIA held him to the higher standard that ultimately governs eligibility for relief itself.

The BIA is entitled to a "presumption of regularity," *Kamara v. Att'y Gen.*, 420 F.3d 202, 212 (3d Cir. 2005), and accordingly, "[a]bsent evidence to the contrary, [courts] presume[] that the BIA applied the correct standard," *Pilica v. Ashcroft*, 388 F.3d 941, 949 (6th Cir. 2004). Here, Abdeen failed to put forward evidence to the contrary. While it is true that the BIA did not expressly reference the "reasonable likelihood" standard, it did cite this Court's articulation of that standard when framing its discussion of prima facie eligibility. *See* A.R. 3 (citing *Khan*, 691 F.3d at 496). And although it alluded to the standards that govern eligibility for asylum and CAT protection, it did not conclude that Abdeen's motion failed because he could not meet those standards. Rather,

5

it held he had not made a *prima facie showing that* he could meet those standards. *See* A.R. 4 ("[T]he evidence . . . does not make a *prima facie showing* that the respondent has a well-founded fear or a clear probability of persecution by individuals the Sri Lankan government is unable or unwilling to control. . . . Nor has the respondent presented a *prima facie case that* he will more likely than not be subjected to torture [by a government actor or by someone with government acquiescence]." (emphasis added)). In short, although the BIA could have been more explicit about the standard it was applying, it does not appear to have held Abdeen to a higher standard than appropriate.

### D. The BIA's Ultimate Finding Regarding Prima Facie Eligibility

Abdeen's final argument is that the BIA erred by concluding that he did not establish prima facie eligibility for relief. But he does not highlight any specific legal error, and instead merely quibbles with the BIA's assessment of the evidence. We cannot say that assessment was "arbitrary, irrational or contrary to law," and the BIA therefore did not abuse its discretion on this issue as well. *Tipu v. I.N.S.*, 20 F.3d 580, 582 (3d Cir. 1994) (citations omitted).

## III. Conclusion

For the aforementioned reasons, we will deny the petition as to the BIA's June 11, 2018 order.